**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ELIJAH KIRKMAN BEY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-cv-01452-O-BP** |
| | § | |
| **AMERICAN AIRLINES GROUP INC,** | § | |
| ***et al.,*** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On December 17, 2025, Plaintiff Elijha Kirkman Bey, proceeding *pro se*, filed a civil complaint in the Dallas Division, which was subsequently transferred here and referred to the undersigned for judicial screening pursuant to 28 U.S.C. § 636(b) and Special Order 3. *See* ECF Nos. 3, 5, 6.

The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A.      NATURE OF THE CASE

This case is a new civil action.

B.      PARTIES

Elijah Kirkman Bey ("Plaintiff") is the plaintiff. Although Elijah Stanley Kirkman ("Kirkman") is listed as a named plaintiff on the amended complaint, it is unclear whether Plaintiff and Kirkman are the same person. Regardless, because Kirkman did not sign the original or amended complaints, the Court does not consider him to be a proper party to this action at this

time. *See* Fed. R. Civ. P. 11(a). Plaintiff names "American Airlines Group Inc." and "American Airlines Inc." as defendants.

C.      LEGAL ANALYSIS

To proceed with a civil action in this Court, a plaintiff must either pay the $405 filing and administrative fees or be granted permission to proceed *in forma pauperis* ("IFP"). *See* 28 U.S.C. §§ 1914, 1915. After reviewing Plaintiff's IFP application and supporting affidavit, the Court determined that Plaintiff has sufficient financial resources to pay the $405 filing and administrative fees for this action. *See* ECF No. 11. In turn, the Court ordered Plaintiff to pay $405 to the Clerk of Court by February 20, 2026. *Id.* The Court explicitly warned Plaintiff that failure to timely comply with its order may result in dismissal of this case without further notice under Federal Rule of Civil Procedure 41(b). *Id.*

Rule 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The deadline for Plaintiff to comply with the Court's order expired. To date, Plaintiff has not complied with the Court's order, sought an extension of time to do so, or otherwise attempted to cure his outstanding filing deficiency. Because Plaintiff has not paid the requisite fees, this case is subject to dismissal for failure to comply with a Court order and for lack of prosecution under Rule 41(b).

RECOMMENDATION

The undersigned therefore **RECOMMENDS** that the Court **DISMISS** Plaintiff's complaint for lack of prosecution or failure to obey a court order, without prejudice to being refiled. *See* Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation **within fourteen (14) days** after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

**SIGNED** on February 24, 2026.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE